IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.       Case No. 1:22-cr-01721 KWR

RAFAEL RAMIREZ-MARTINEZ,

    Defendant.

### SEALED ORDER DENYING MOTION TO VACATE HEARING AND PROVIDE FUNDS FOR FURTHER TESTING

THIS MATTER is before the Court on Defendant's Motion to Provide Funds to Complete Neuropsychological Testing of the Defendant Pursuant to 18 U.S.C. § 4241 and to Vacate the May 7, 2025 Competency Hearing **(Doc. 98)**. Defendant requests that the Court vacate the competency hearing so that he may obtain further Spanish-language Neuropsychological testing. Having reviewed the record in this case, the Court finds Defendant's Motion is not well taken and, therefore, is **DENIED.**

It is generally within the Court's discretion to order multiple psychological evaluations. 18 U.S.C. § 4247(b) states that if the court finds it appropriate, it may order an examination "by more than one such examiner." *United States v. Martinez–Haro,* 645 F.3d 1228, 1233 (10th Cir. 2011) ("The statute does not state that the court may order only one psychiatric or psychological examination."). In reviewing this statutory language, the Tenth Circuit stated that "[n]othing in this language limits the second examiner to the initial examination of the defendant nor does the language restrict the ability of the court to order a second examination after the initial examination." *United States v. Martinez–Haro,* 645 F.3d at 1233. The decision to order a second

examination under this statute is reviewed for abuse of discretion. *See United States v. Martinez–Haro,* 645 F.3d at 1233.

The Court ordered Defendant to be evaluated for competency to proceed to trial. In a report dated June 13, 2024, Dr. Johnson diagnosed Defendant with mild neurocognitive disorder and opined he was not competent to proceed to trial.

The Court ordered that Defendant undergo competency restoration and evaluation. Defendant underwent competency evaluation and restoration at FMC Butner. Doc. 94 at 4. Defendant is Spanish-speaking, and the psychologist communicated with Defendant through a Spanish-language interpreter. Because Defendant asserted he had a history of head trauma, his examiner referred him to a neuropsychologist at FMC Butner. Doc. 94 at 9. However, Defendant was unable to provide the name of the hospitals so that FMC Butner could obtain his records. The neuropsychologist stated that scans of his brain were unremarkable and appeared normal, but a mild neurocognitive disorder cannot be ruled out. Doc. 94 at 9. To determine whether he has a mild neurocognitive decline caused by head trauma, the neuropsychologist stated that "a neuropsychological assessment would be beneficial for diagnostic clarification. However, such an assessment should be conducted in Spanish using appropriate Spanish-normed tests, which is not available at FMC Butner." Doc. 94 at 9. Despite his mild cognitive disorder, the examiner ultimately conclude that Defendant was restored to competency and (1) demonstrated a factual understanding of the legal system and his legal situation; (2) had a rational understanding of the legal system and his legal situation; and (3) is able to assist properly in his defense. Doc. 94 at 13-15.

Defendant asserts that the Court should order further testing, specifically a neuropsychological assessment to be conducted in Spanish. However, reviewing the competency

evaluation and restoration report (Doc. 94), it is clear that the forensic psychologist ultimately had sufficient information to determine whether Defendant was restored to competency. Specifically, the examiner concluded "that despite a diagnosis of mild neurocognitive disorder, this disorder does not appear to be impacting his factual or rational abilities or his ability to collaborate with counsel. As such, it is my opinion that he is presently able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." Doc. 94 at 15. The report further noted that "[t]hrough repeated exposure during the present evaluation, Mr. Ramirez-Martinez demonstrated an ability to both learn and apply novel information. As such, Mr. Ramirez-Martinez would benefit from repeated exposure to his discovery and legal information. Additionally, Mr. Ramirez-Martinez would benefit from frequent breaks while reviewing his case." Doc. 94 at 16.

Therefore, after reviewing the competency restoration report and the record, the Court concludes that the examiner and the Court have sufficient information to reach a conclusion regarding Defendant's restoration to competency, and further testing is not necessary. The Court will determine whether Defendant was restored to competency at the May 7, 2025 hearing, after the parties have the opportunity to present argument and further evidence.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Provide Funds to Complete Neuropsychological Testing of the Defendant Pursuant to 18 U.S.C. § 4241 and to Vacate the May 7, 2025 Competency Hearing **(Doc. 98)** is **DENIED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE